The complainants sue to rescind the sale and conveyance to them by the defendant of their dwelling and for a return of the purchase price, because of the defendant's fraudulent representation in procuring the contract of sale, later executed. This motion is to strike the bill for want of equity. *Page 390 
The pertinent allegations of the bill are that at the time of the contract and conveyance, the house was incomplete and when, as prospective purchasers, the complainants made an inspection, the cellar and things in it were in a damp and wet condition and the side walls wet and discolored, and, upon being told that they would not purchase a house with a damp or wet cellar, the defendant, the builder, informed them that the condition was due to the mixing of concrete and other materials in the cellar, and, calling their attention to a hose connection, stated that the workmen had probably let the water run and that it had caused the condition, and that the cellar would be dry when they were finished and the debris removed, and that the discoloration on the foundation wall would disappear as soon as the grounds were graded; that acting and relying upon the representations of the defendant that the house would be finished in a good and workmanlike manner and that the cellar would be dry after the grading had been completed and the debris removed, they paid an earnest, entered into a written contract of purchase, in which the defendant covenanted that the house would be finished in a good workmanship manner in accordance with the plans and specifications, and that the grounds would be graded and seeded, and later took title upon payment of the purchase price in cash, and mortgages on the property, and entered into possession; that when they took possession the house was unfinished and the grounds ungraded and the cellar floor was wet in spots and the side walls damp in places; that they had the cellar thoroughly cleaned in the hope of drying it out, but that after every storm the cellar is in a damp and wet condition; that the water pours in through the windows and foundation and seeps in from under and through the flooring, and that when there are bad storms several inches of water lodge in the cellar which requires days to drain out, causing the cellar to be damp and musty; that the grounds have never been properly graded; that the house has not been completed in a workmanlike manner, and that the workmanship in a score and more specified items is bad; that the defendant promised to remedy the condition *Page 391 
but failed, although he made a trial or two at some, and thereupon the complainant gave the defendant notice of the rescission of the contract and delivered to him a duly executed deed conveying the property to him, which he accepted, but later returned.
For the purpose of this motion, all these allegations are admitted to be true and it is also admitted, as charged in the bill, that they were false, to the knowledge of the defendant, and were fraudulently made to induce the contract and were relied upon by the complainants in making the purchase. Whatever may be the cause of the damp and wet condition of the cellar, whether it be due to natural conditions, faulty construction, or failure to deflect the rain waters by a proper grading, if it was not, in fact, due to the mixing of concrete and other materials in the cellar and from water from the hose connection, probably let in by the workmen, and it is admitted it was not, then the representation that it was due to that cause and that it would be dry when the workmen were finished and the debris removed were false as to cause and future conditions, and are grounds for rescission. The representation as to the cause of the condition of the cellar was a statement of an existing fact, and false, and, standing alone, is actionable; and the further representation that upon the removal of the cause the cellar would be dry was not promissory or an expression of an opinion, or a guarantee, but was so related to the cause of the existing condition of the cellar as to amount to an affirmation of a fact in the future. It was predicated upon a known falsehood and was inherently deceitful, and relief may be granted for such false affirmation. Pomeroy says, section 877 (4th ed.):
"That the fact, however, concerning which the statement is made in future does not, of itself, prevent the misrepresentation from being fraudulent. The statement of matter in the future, if affirmed as a fact, may amount to a fraudulent misrepresentation as well as a statement of a fact as existing at present."
And in the notation of cases: *Page 392 
"Some of these cases may be referred to the doctrine of equitable estoppel; but it is plain that where the representation is that of a fact in the future, and not a mere promise, it is relied upon, and turns out to be false, the rights and remedies of the injured party are the same as those which arise from the fraudulent misrepresentation of an existing fact."
See 12 R.C.L. 252; Davis v. Louisville Trust Co., 30 L.R.A.
(N.S.) 1011.
The representations of the defendant to construct the house in a workmanlike manner were, in their nature, promises, and were merged in the written contract, and for breach of which an action will lie in damages (Merchants. c., Co. v. Mercer Realty Co.,99 N.J. Law 442), or relief may be had in abatement of the mortgage debt. Curtis Warner Corp. v. Thirkettle, 4 N.J. Adv.R. 1380.
The second count in the bill that the defendant in the contract covenanted to convey a marketable title and that the land conveyed was subject to a community scheme restricting the erection of houses to cost not less than $7,500, which was violated, in that the house cost but $6,250, is not a ground for rescission. The covenant is merged in the deed (Long v.Hartwell, 34 N.J. Law 116), and the complainants must seek their remedy through the covenant in the deed. In Gihon v.Morris, 90 N.J. Eq. 65, this court found that the property there involved was purchased upon the false representation that the title was free from defect and was clear and marketable, and set aside the conveyance on the ground of fraud, but the court of errors and appeals held that this court had found there was no fraud, and that relief was granted for mistake, and reversed, holding that the injured party must rest upon the covenant in his deed for redress. Ibid. 230. The principle there applied is here controlling.
The motion to strike the bill is denied. *Page 393